UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIELLE MERMELSTEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WINDHAM MOUNTAIN PARTNERS, LLC,<br><br>Defendant. | Civil Action No. 1:24-cv-00191<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

Plaintiff Danielle Mermelstein brings this action on behalf of herself, and all others similarly situated against Windham Mountain Partners, LLC. ("Defendant").  Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE ACTION

1.      For over a year, Defendant has been nickel and diming first-time skiers of the Windham Mountain Club ski resort on its website in violation of the New York Arts and Cultural Affairs Law § 25.07(4).  Whenever a first-time skier selects a ski lift ticket on the website https://www.windhammountainclub.com, she is quoted a fee-less price, only to be ambushed by a $5.00 "Axess Media Only" fee at checkout after clicking through the various screens required to make a purchase.  This cheap trick has enabled Defendant to swindle substantial sums of money from its customers.

2.      To stop this hustle, New York passed Arts and Cultural Affairs Law § 25.07(4), which provides that "every operator … of a place of entertainment … shall disclose the total cost

1

of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket."
"Such disclosure of the total cost and fees shall be displayed in the ticket listing *prior to* the
ticket being selected for purchase."  *Id*. (emphasis added).  And "[t]he price of the ticket shall not
increase during the purchase process."  *Id.*  This latest version of the law went into effect August
29, 2022.  *See* Exhibit A.

3.      For these reasons, Plaintiff seeks relief in this action individually, and on behalf
of all other first-time ski lift ticket purchasers for Defendant's Windham Mountain for actual
and/or statutory damages, reasonable attorneys' costs and fees, and injunctive relief under New
York Arts and Cultural Affairs Law § 25.33.

<strong><u>JURISDICTION AND VENUE</u></strong>

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §
1332(d) because there are more than 100 class members, and the aggregate amount in
controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class
member is a citizen of a state different from Defendant.  Defendant sold at least 100,000 tickets
to its place of entertainment through its website during the applicable class period, and is liable
for a minimum of fifty dollars in statutory damages for each ticket sold.  There is minimum
diversity under 28 U.S.C. § 1332(d) because many class members who visit Defendant's place of
entertainment come from other states.

5.      This Court has personal jurisdiction over Defendant because Defendant is at home
in District and is headquartered in this District.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant's
place of entertainment is in this District.

**PARTIES**

7.     Plaintiff Danielle Mermelstein is an individual consumer who, at all times material hereto, was a citizen and resident of Mahwah, New Jersey.  Plaintiff purchased one IKON Friends & Family lift ticket to ski at Windham Mountain on January 25, 2024 through Defendant's website, https://www.windhammountainclub.com.  The transaction flow process she viewed on Defendant's website was substantially similar as that depicted in Figures 1 through 6 in this complaint.

8.     Defendant Windham Mountain Partners, LLC is registered as a limited liability company in the State of New York.  Defendant owns and operates the Windham Mountain Club ski resort in Windham, New York.

**RELEVANT FACTUAL ALLEGATIONS**

9.     When a person visits Defendant's website, https://www.windhammountainclub.com, on the main page, she can click the orange "Book Now" button to select lift tickets to ski at Defendant's slopes on various dates.   *See* Figure 1.



**Figure 1**

10.     After a consumer selects the "Book Now" button, a "Ticket" sidebar emerges on the website, which provides a list of tickets, passes, rentals, or lessons a consumer can purchase. *See* Figure 2, next page.



**Figure 2**

11.     After a consumer clicks on the "Get Your Tickets" button on Figure 2, she is taken to another page showing dates and times for lift tickets as well as their prices.  *See* Figure

3, next page.  The total cost of the lift tickets, inclusive of all ancillary fees, is not displayed on this page, in violation of New York Arts & Cultural Affairs Law § 25.07(4).  *Id.*



**Figure 3**

12.    *After* a consumer selects the lift ticket or tickets she wishes to purchase by clicking on the particular date on Figure 3, she is taken to a separate LIFT TICKET page, providing information about the ticket.  *See* Figure 4, next page.  Again, the total cost of the

ticket is not displayed on this page either.  *Id.*  If a consumer wishes to proceed, she can click the
"ADD TO CART" button.



**Figure 4**

13.     After a consumer clicks the "ADD TO CART" button, a shopping cart side bar emerges.  *See* Figure 5, next page.  This side bar also does not disclose the total cost of the ticket, inclusive of any ancillary fees.  *Id.*



**Figure 5**

14.     After a consumer clicks the "CHECKOUT" button on this page, she is taken to a series of intermittent pages asking her to either log in to her Windham Mountain account or to create a new Windham Mountain account, by inputting various pieces of personal information. After the consumer logs in or creates a new account and logs in, first-time skiers of the Windham Mountain Club ski resort are notified they must purchase a Windham RFID Card for $5.00.  See Figure 6, next page.  This is the very first time that Defendant's ancillary fee is disclosed to the consumer.



**Figure 6**

15.     After the consumer clicks the "CONTINUE" button on Figure 6, they are taken to a final payment screen, that for the first and only time in the purchase process, discloses the total cost of the lift ticket, inclusive of Defendant's fee, listed as an "Axess Media Only" fee.  *See* Figure 7, next page.



**Figure 7**

**NEW YORK ARTS & CULTURAL AFFAIRS LAW**

16.       Effective August 29, 2022, New York enacted Arts & Cultural Affairs Law §

25.07(4), which provides that "[e]very operator or operator's agent of a place of entertainment…

shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order

to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket

price stated in dollars that represents a service charge, <u>or any other fee</u> or surcharge to the

purchaser.  Such <u>disclosure</u> of the <u>total cost</u> and fees shall be displayed in the ticket listing <u>prior</u> <u>to</u> the ticket being <u>selected for purchase</u>." *Id*. (emphasis added).  And "[t]he price of the ticket shall not increase during the purchase process." *Id*.; *Compare with* Figures 2 through 6.

      17.    Shortly after the law was enacted, ticketing websites peppered the State of New York's Division of Licensing Services with questions about the scope of the law.  As explained by the Division of Licensing Services, "the ticket purchasing process begins once a consumer visits a ticket marketplace and first sees a list of seat prices."  *See* N.Y. Dep't of State, Div. Licens. Servs., *Request for Additional Guidance – New York State Senate Bill S.9461*, attached hereto as **Exhibit A**, at 1.  "From the moment the prospective purchaser assesses the [] ticket lists through the final payment … there should be no price increases to the purchaser for the ticket itself."  *Id.*  "When a prospective purchaser selects a ticket with full disclosure of the ticket price, the purchaser <u>should not then have to search for the total price</u> of the ticket <u>as the</u> <u>purchaser proceeds through the purchasing process</u>, it should continue to be readily available to the purchaser."  *Id*. at 2 (emphasis added).

## CLASS ACTION ALLEGATIONS

      18.    **Nationwide Class:**  Plaintiff seeks to represent a class defined as all individuals in the United States who purchased lift tickets to the Windham Mountain Club ski resort from Defendant's website on or after August 29, 2022 and were charged an "Axess Media Only" fee or any other ancillary fee.  Excluded from the Nationwide Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

      19.    Members of the Nationwide Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Nationwide Class are at least in the hundreds of thousands.  The precise number of Nationwide Class members and their

identities are unknown to Plaintiff at this time but may be determined through discovery.

Nationwide Class members may be notified of the pendency of this action by mail, email, and/or

publication through the distribution records of Defendant.

20.     Common questions of law and fact exist as to all Nationwide Class members and

predominate over questions affecting only individual Nationwide Class members.  Common

legal and factual questions include, but are not limited to: (a) whether Defendant failed to

disclose the total cost of the ticket, including all ancillary fees, prior to the tickets being selected

for purchase in violation of New York Arts & Cultural Affairs Law § 25.07(4); and (b) whether

the displayed price of Defendant's tickets increases during the purchase process in violation of

New York Arts & Cultural Affairs Law § 25.07(4).

21.     The claims of the named Plaintiff are typical of the claims of the Nationwide

Class in that the named Plaintiff and the Nationwide Class sustained damages as a result of

Defendant's uniform wrongful conduct, based upon Defendant's failure to disclose the total cost

of its tickets, including Defendant's fees, throughout the online ticket purchase process.

22.     Plaintiff is an adequate representative of the Nationwide Class because her

interests do not conflict with the interests of the Nationwide Class members she seeks to

represent, she has retained competent counsel experienced in prosecuting class actions, and she

intends to prosecute this action vigorously.  The interests of Nationwide Class members will be

fairly and adequately protected by Plaintiff and her counsel.

23.     The class mechanism is superior to other available means for the fair and efficient

adjudication of the claims of Nationwide Class members.  Each individual Nationwide Class

member may lack the resources to undergo the burden and expense of individual prosecution of

the complex and extensive litigation necessary to establish Defendant's liability.  Individualized

11

litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**New York Arts & Cultural Affairs Law § 25.07**
**(On Behalf Of The Nationwide Class)**

24.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

25.     Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class against Defendant.

26.     Defendant is an "operator… of a place of entertainment" because Defendant operates the Windham Mountain Club ski resort, which is a "place of entertainment."  "'Place of entertainment' means any privately or publicly owned and operated entertainment facility such as a theatre, stadium, arena, racetrack, museum, amusement park, or other place where performances, concerts, exhibits, athletic games or contests are held for which an entry fee is charged." N.Y. Arts & Cult. Aff. Law § 25.03(6) (emphasis added).

27.     Defendant violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to disclose the "total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket" after a ticket is selected, as depicted in Figure 2 through 5 of this Complaint.

28.      Defendant also violated New York Arts & Cultural Affairs Law § 25.07(4) by increasing the total cost of its tickets during the purchase process, as depicted in Figures 2 through 7 of this Complaint.

29.      Defendant's "Axess Media Only" fee is an "ancillary fee[] that must be paid in order to purchase the ticket." N.Y. Arts & Cult. Aff. Law § 25.07(4).

30.      On January 25, 2022, Plaintiff purchased tickets on Defendant's website and was forced to pay Defendant's "Axess Media Only" fee. Plaintiff was harmed by paying this fee, even though that total cost was not disclosed to Plaintiff at the beginning of the purchase process, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

31.      On behalf of herself and members of the Nationwide Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages or fifty dollars, whichever is greater, and reasonable attorneys' fees. *See* N.Y. Arts & Cult. Aff. Law § 25.33.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the Nationwide Class prays for judgment as follows:

(a)      For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b)      For an order declaring that Defendant's conduct violates the statutes referenced herein;

(c)      For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(d)     For compensatory and statutory damages in amounts to be determined by the

Court and/or jury;

(e)     For prejudgment interest on all amounts awarded;

(f)     For an order of restitution and all other forms of equitable monetary relief;

(g)     For injunctive relief as pleaded or as the Court may deem proper; and

(h)     For an order awarding Plaintiff and the Class their reasonable attorneys' fees and

expenses and costs of suit.


Dated: February 20, 2024

By*:     /s/Philip L. Fraietta*

**BURSOR & FISHER, P.A.**
Philip L. Fraietta
Matthew Girardi (*pro hac vice app. pending*)
1330 Avenue of the Americas
New York, NY 10019
Tel: (646) 837-7150
E-mail:  pfraietta@bursor.com
    mgirardi@bursor.com

**BURSOR & FISHER, P.A.**
Stefan Bogdanovich (*pro hac vice app. forthcoming*)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com
        sbogdanovich@bursor.com

*Attorneys for Plaintiff*